[No. 9695.  Department Two.  December 16, 1911.]

W. A. Schwab, *by his Guardian etc., Respondent,* v.
Anderson Steamboat Company, *Appellant.*[1]

Negligence—Dangerous Premises—Issues and Proof—Failure
of Proof.  In an action for personal injuries sustained through the
fall of a swing, predicated upon the allegations that the defendant
owned and controlled the park where the injury happened and
maintained the swing, there can be no recovery where all the evi-
dence showed the swing to be outside the park and not within de-
fendant's control; and a verdict for plaintiff cannot be sustained
on the theory that, there being no dividing line, the public might
regard the place as within the park (Chadwick, J., dissenting).

Appeal from a judgment of the superior court for King
county, Ronald, J., entered March 1, 1911, upon the verdict
of a jury rendered in favor of the plaintiff, in an action for
personal injuries sustained through the fall of a swing,
after a trial on the merits.  Reversed.

*Byers & Byers,* for appellant.

*Peterson & Macbride,* for respondent, to the point that
appellant was liable for the condition of the swing, cited:
29 Cyc. 466, 476; *Neel v. King County,* 53 Wash. 490, 102
Pac. 396; *Selinas v. Vermont State Agr. Soc.,* 60 Vt. 249,
15 Atl. 117, 6 Am. St. 114.

Morris, J.—Respondent, a minor twenty years of age,
was injured July 4, 1910, by falling from a swing, which it
is alleged was in Fortuna park, on Mercer island.  The park
was alleged as under the ownership and control of appellant,
and the swing as one maintained by it within the park.  The
tree from which hung the rope respondent was using as a
swing was shown by all the evidence, both that given by
appellant and respondent, to be outside the park.  In fact,
there was no contention that it was within the park or

[1]Reported in 119 Pac. 614.

nearer to it than seventy-five feet; respondent's theory on the trial seemingly being that, there being no dividing line between the park proper and the outside territory in which the swing was, the public might regard all the ground as within the park, and subject to the control of appellant. It might be that a case could be predicated upon such a theory. But this one is not. It depends for its success upon proof that appellant owned or controlled the place where the injury happened, and maintained the swing. The court took this view of it, in the charge to the jury to the effect that, if the place where the respondent fell was outside of the ground controlled by appellant, there could be no recovery. When, however, he was asked to take the case from the jury because of the failure to show the place of the injury under the control of appellant, he thought the question, as one of fact, should be submitted to the jury, because there was testimony that the place of the accident was Fortuna park. While it is true the respondent testified the accident happened at Fortuna park, he at the same time described the tree to which the rope was attached; and this tree is shown by all the testimony to be outside of the park, and not within the control of appellant. There was no dispute as to this fact in the evidence, and the court should have so held on appellant's motion.

There being no proof of the fact upon which respondent relied to establish a liability against appellant, the case should have been dismissed on appellant's motion.

Judgment reversed, and the cause remanded with instructions to dismiss.

DUNBAR, C. J., CROW, and ELLIS, JJ., concur.

CHADWICK, J. (dissenting)—I am unable to agree with the opinion of the majority. The appellant operated a certain park, situated on Mercer Island, in Lake Washington, as an adjunct to its business of steamboating. This park was given over to the use of the public and to lodges and

societies of like nature, for picnic purposes. It was so used on the Fourth of July by the Ancient Order of United Workmen. Respondent was an attendant at the picnic, and while there, was injured by falling from a swing that, as it now transpires, was a short distance beyond the line of the park proper; although it appears from the testimony that there were tables and other paraphernalia incident to picnic grounds even beyond the swing, so that the swing was an invitation to any one inclined to take that sort of exercise or recreation.

I confess that I am unable to find any case directly in point that would sustain my theory that the appellant is liable, but in reason it would seem that it should be so. I can see no difference in principle between this case and that of *Neel v. King County*, 53 Wash. 490, 102 Pac. 396, where a judgment was sustained, although the defect in the highway was beyond the limit of the county's property. The court there said that the doctrine upon which a recovery was allowed was that of simple justice and fair play, and estoppel to deny responsibility where the county had, in effect, issued an invitation to the public to use the property adjacent to the highway as a part of the road, there being no defined boundary between the road and the place where the public was invited to go. In my judgment respondent was warranted in the assumption that the swing was a part of the park playground, and to hold that he is bound by an arbitrary, unmarked line is to put a premium upon the negligence of those whose duty it is to safeguard all who come to their place for amusement and recreation. Appellant knew its boundary lines and it was within its power to define them. The court's decision puts the injured party to the burden of knowing them at his peril.

For these reasons, I dissent from the majority opinion.